WILLIAM McPHAY v. STATE OF MISSISSIPPI.

CRIMINAL LAW. *Murder. Evidence. Issues.*

> An issue as to whether a homicide was committed in resisting an unlawful arrest is not raised in a murder case where the testimony, on the one hand, tended to show that the deceased, a policeman, was shot by defendant when unaware of his presence, and, on the other, that deceased drew a pistol on defendant, causing him to fire in self-defense, not knowing at the time who deceased was, but supposing him to be another who had previously made threats against defendant.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

McPhay, the appellant, was indicted and tried for and convicted of the murder of one McMorris, a policeman; was sen-

tenced to the penitentiary for life, and appealed to the supreme court.

The testimony introduced by the state was to the effect that the deceased, McMorris, a policeman of the town of Summit, while riding on a bicycle at night in the streets of the town, and unaware of the presence of appellant, was waylaid and shot in the back by appellant. The fatal shot entered deceased's back just under the shoulder blade. The testimony for appellant tended to show that defendant did not see deceased until he jumped from his bicycle and drew a pistol on defendant, who fired to protect himself; that defendant did not know at the time he fired who deceased was, but thought he was one Saulsbury, an enemy, who had previously made threats against defendant.

*R. N. Miller,* for appellant.

The instruction for the state defining murder and authorizing the jury to convict for murder on a state of facts stated in the charge in this case was error. In other words, it hypothecates a part of the evidence and does not put the whole case hypothetically which was made by the evidence in the case. It tells the jury that if McPhay willfully and deliberately and with malice aforethought shot and killed McMorris when he (McPhay) was not in real or apparent danger of losing his own life, etc., they will find him guilty as charged in the indictment. This charge is erroneous, because it omits the case made by the record —to wit: that McMorris, at least, was killed in resisting unlawful arrest, in which case there never can be murder.

It is well settled that if a public officer be resisted and killed' by a person whom he is attempting to arrest illegally and without color of authority, the killing will be manslaughter unless the evidence shows previous or express malice. Hughes on Criminal Law and Procedure, sec. 2655, citing as follows: *Rafferty* v. *People,* 72 Ill., 40; *Ballard* v. *State,* 43 Ohio St., 340; *Roberts* v. *State,* 14 Mo., 138; *State* v. *Symes,* 20 Wash., 484;

*Briggs* v. *Commonwealth,* 82 Va., 544; *Musco* v. *Common-wealth,* 86 Va., 443; *State* v. *Davis,* 43 S. C., 150 (31 S. E. Rep., 62); *Ross* v. *State,* 10 Tex. App., 455; *Harrison* v. *State,* 24 Ala., 67; *Croom* v. *State,* 85 Ga., 718 (11 S. E. Rep., 1035); *Fleetwood* v. *Commonwealth,* 80 Ky., 1; 2 Roscoe Crim. Ev., sec. 791; 1 Hales P. C., 465; 1 East P. C., 110.

*R. V. Fletcher,* assistant attorney-general; and *J. B. Holden,* for appellee.

The instructions upon the refusal of which appellant chiefly bases his hope of reversal are all based upon the idea that the case was tried upon the theory that deceased was an officer attempting to make an arrest.

Defendant should not be permitted to raise a foreign issue and secure instructions on facts not in the record. Not a witness testified that deceased was trying to arrest defendant at the time of the homicide; defendant himself does not say so. The question of arrest has no place in this case, and the refused instructions are misleading.

Truly, J., delivered the opinion of the court.

We are asked to reverse the judgment herein and to hold that under the case made by the record appellant can at most only be rightfully convicted of manslaughter. The principle of law upon which the argument in support of that position is grounded is that the homicide was committed in resisting an unlawful arrest, and hence was manslaughter only. It is, however, not necessary for us to enter upon any consideration of the accuracy of the legal proposition invoked, because, conceding its abstract soundness, it is not controlling in the instant case. According to the story of appellant, the homicide was committed, not in resisting unlawful arrest, but in his own absolutely necessary self-defense. His plea was that he fired the fatal shot to protect himself from a deadly and unprovoked assault, being himself at the time unaware of the real identity of his assailant, whom he

in truth believed to be a different man.   Appellant, by his own testimony, did not attempt to justify his conduct by the plea that he was resisting an unlawful attempt to arrest him.   Nor was the prosecution predicated of the idea that the homicide was committed while an effort was being made to effect an arrest. The theory of the state—a theory strongly corroborated by the location of the fatal wound, the physical facts, and all the circumstances attendant upon the tragedy—was that the killing was an assassination, an assassination so wanton and so cowardly that the appellant has cause of thankfulness for the clemency of the jury in not affixing the death penalty.

*Affirmed.*